**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CYRUS BEAMON,

Plaintiff,

Case Number 2:26-cv-13408
Hon. Brandy R. McMillion

v.

KIMBERLY ISON, *et al.*,

Defendants.
____________________________________/

**OPINION AND ORDER OF PARTIAL DISMISSAL**

Plaintiff Cyrus Beamon ("Beamon"), a prisoner housed at the Lakeland Correctional Facility, filed this complaint under 42 U.S.C. § 1983, against three defendants: nurse practitioner Kimberly Ison, nurse Karen Hayes, and assistant chief medical officer James Blessman. ECF No. 1. Beamon is proceeding *pro se* and without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). ECF No. 5. Beamon claims that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. He also claims Defendants' actions violated the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq. (ADA), and the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) (Rehabilitation Act). For the reasons stated herein, under the initial screening required by the Prison Litigation Reform Act of 1996 ("PLRA"), the Court **SUMMARILY DISMISSES** Beamon's ADA and

Rehabilitation Act claims. The Eighth Amendment claims survive screening and will proceed in this litigation.

**I.**

The events giving rise to Beamon's claims occurred at the Charles E. Egeler Reception and Guidance Center in Jackson, Michigan. *See* ECF No. 1, PageID.5-6. Beamon states that when he was previously incarcerated in 2008, he had an accommodation for medical orthopedic shoes because he has tibial torsion and bilateral flat feet. *Id.* at PageID.7. He was reincarcerated in December 2025 and was given a one-year accommodation for a rollator. *Id.* But he alleges that when he met with Defendant Ison, a nurse practitioner, on December 8, 2025, she cancelled his rollator accommodation and told him she would provide a cane instead. *Id.* According to Beamon, he told Ison that he had previously received an accommodation for medical shoes. *Id.* She responded that she would present his request to Assistant Chief Medical Officer James Blessman. *Id.* at PageID.8. Blessman denied the request. *Id.* Beamon also alleges that Defendant Hayes, a nurse, physically took the rollator from him. *Id.* He alleges that all three Defendants are responsible for denying him access to a rollator and for denying him medical shoes. *Id.*

As a result of these allegations, Beamon filed this suit asserting that Defendants' actions violated the Eighth Amendment, the ADA and the

Rehabilitation Act. *See generally* ECF No. 1. He names Defendants in their individual capacities and seeks monetary damages. *Id.*

**II.**

The Court granted Beamon's application to proceed without prepayment of the fees and costs in this action. *See* ECF No. 5. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court must screen the complaint before service and dismiss the complaint, or any portion of the complaint, if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

A *pro se* civil rights complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). This rule is intended to give a defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Detailed factual allegations are not required, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a civil rights claim under 42 U.S.C. § 1983, a Plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). The Plaintiff must establish the liability of each individual defendant by that person's own conduct. "Because vicarious liability is inapplicable [in] § 1983 suits, a Plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

To state a claim under the ADA or § 504 of the Rehabilitation Act, a Plaintiff must show that: (1) he is a qualified individual with a disability, (2) he was excluded from participation in, or denied the benefits of, the services, programs, or activities of a public entity, and (3) such discrimination was because of his disability. *S.S. v. Eastern Ky. Univ.*, 532 F.3d 445, 453 (6th Cir. 2008).

## III.

Beamon asserts that Defendants violated the Eighth Amendment, the ADA, and the Rehabilitation Act when they deprived him of a rollator and medical orthotic shoes.

### A. ADA and Rehabilitation Act Claims

"Title II of the ADA provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the

benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Wilson v. Gregory*, 3 F.4th 844, 859 (6th Cir. 2021) (quoting 42 U.S.C. § 12132). The Rehabilitation Act similarly provides, in pertinent part, that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a).

Beamon sued all three Defendants in their individual capacities. ECF No. 1, PageID.6-7. The Sixth Circuit has held, however, that neither Title II of the ADA nor the Rehabilitation Act imposes liability on individuals. *Thomas v. Piggett*, No. 25-1443, 2026 WL 548394, at *2 (6th Cir. Feb. 24, 2026) (citing *Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009)) (holding that defendants cannot be held personally liable for an ADA violation; *Carter v. Washington*, No. 23-1760, 2024 WL 3191094, at *5 (6th Cir. June 24, 2024) ("[C]laims under Title II of the ADA and the Rehabilitation Act cannot be brought against public officials acting in their individual capacities."). Accordingly, Defendants may not be sued in their individual capacities under either the ADA or the Rehabilitation Act. Beamon's claims under those statutes will be dismissed.

### B. Eighth Amendment Claims

Beamon's claim that Defendants violated the Eighth Amendment by denying him a rollator and orthotic shoes is not subject to summary dismissal. The Eighth Amendment protects against cruel and unusual punishment, primarily in the context of criminal justice and punishment. *See Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (applying the Eighth Amendment to prison conditions); *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013) (discussing the scope of the Eighth Amendment protections).

Here, Beamon alleges that Defendants failed to timely provide him with appropriate medical devices to accommodate his disability, causing him pain and suffering. *See generally* ECF No.1. "[A] prison official's deliberate indifference to conditions that pose a substantial risk to an inmate's health and safety violates the Eighth Amendment." *Finley v. Huss*, 102 F.4th 789, 805 (6th Cir. 2024) (citing *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). Accordingly, Plaintiff's complaint states a potential claim for relief. While Beamon may or may not ultimately prevail on this claim, he has stated enough facts to survive initial screening.

## IV.

Accordingly, **IT IS HEREBY ORDERED** that the Court **SUMMARILY DISMISSES** Beamon's claims under the ADA and Rehabilitation Act because those statutes do not permit individual capacity claims.

**IT IS FURTHER ORDERED** that Beamon's claim that Defendants violated the Eighth Amendment by failing to provide him with a rollator and orthotic shoes survives initial screening.

**IT IS SO ORDERED.**

Dated: October 2, 2026

s/Brandy R. McMillion
Hon. Brandy R. McMillion
United States District Judge